IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOEL NOONKESTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00223-O |
| | § | |
| CAPITAL MANAGEMENT | § | |
| HOLDINGS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss for Lack of Jurisdiction filed by Defendants Elite Debt Brokers, LLC ("Elite"), Allied Financial Group, LLC ("Allied"), and Michael Bovino, collectively ("Defendants") (ECF No. 73), Plaintiff's Response (ECF No. 74), and Defendants' Reply. (ECF No. 75). Having considered the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion. ECF No. 73.

**I.     BACKGROUND**

Plaintiff Joel Noonkester ("Noonkester") obtained two loans from non-parties CashNetUSA ("Account 1") and QC Holdings, Inc. ("Account 2"). ECF No. 53. After Account 1 went into default, it was charged off and sold, eventually coming into Elite's possession, which then transferred the account to Allied. *Id.* at 4. However, Elite retained certain contractual rights regarding Account 1. *Id.* Similarly, after Account 2 went into default, it was charged off and sold, eventually coming into the possession of Allied. *Id.* at 6.

Noonkester alleges that around March 27, 2021, "most likely Allied, but in the alternative an unknown (and unnamed) agent of Elite" called him and his relatives attempting to collect on the accounts. *Id.* Without Noonkester's consent, this agent called his nephew and his wife, telling them that they "would be served with papers if Plaintiff did not repay a debt before the process server arrived." *Id.* at 7. The agent also left Noonkester a voicemail stating that a case would soon be filed against him if he did not pay his debts. *Id.* The caller in the voicemail gave Noonkester a phone number as a point of contact about the case. *Id.* Allied was the authorized user of the phone number from which the calls originated. *Id.* After Noonkester received the voicemail, he called the number provided, and a purported Allied employee told him that he "would be sued for more than $1,000 if he did not immediately remit payment." *Id.* at 8. Fearing suit, Noonkester agreed to and did pay the debt collector $212 by credit card over the phone. *Id.*

Noonkester then sued Defendants for several violations of the Fair Debt Collection Practices Act ("FDCPA") and Texas Finance Code, and alternatively pleading that Defendants were liable for the tort of intrusion upon seclusion. *Id.* Noonkester claims that "[t]he debt collector's intimidation tactics caused Plaintiff anxiety, worry, and emotional distress." *Id.* He also asserts that the communications with his nephew and wife caused him "severe embarrassment and strained his familial relations." *Id.* at 9. Finally, he alleges monetary harm as a result of the $212 he paid to the debt collector over the phone. *Id.* at 19.

On July 8, 2022, Defendants offered Noonkester an Offer of Judgment under Federal Rule of Civil Procedure 68 in the amount of $2,000. ECF No. 73 at 1. Noonkester did not accept the offer. *Id.* On June 27, 2023, after a court-ordered settlement conference, Defendants made a new Offer of Judgment, and Noonkester accepted the offer. ECF No. 72. Noonkester and Defendants agreed to leave Noonkester's claim for attorney's fees open for the Court's determination. *Id.* Nine

days later Defendants filed the Motion. ECF No. 73. In it, they seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing mootness. *Id.* Specifically, Defendants claim that their earlier Rule 68 Offer of Judgment, even though not accepted, offered everything that Noonkester could possibly recover from his lawsuit, rendering his claims moot. *Id.* The Motion is now ripe for review.

## II.    LEGAL STANDARDS

### A.    12(b)(1) Motion to Dismiss

Rule 12(b)(1) allows dismissal based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If a federal court lacks subject matter jurisdiction, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3). The burden of proof in establishing subject matter jurisdiction is on the party bringing a case in federal court. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995)). The court properly dismisses the case if a plaintiff fails to establish subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### B.    Article III Mootness

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. The courts have interpreted this requirement to demand that "an actual controversy ... be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no

longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.,* 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)). A case becomes moot, however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees,* 567 U.S. 298, 308 (2012). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin,* 568 U.S. 165, 172 (2013) (internal quotation marks omitted). To determine if a Rule 68 Offer of Judgment renders a claim moot, the Court thus must determine if the offer provided complete relief to the plaintiff. *Mabary v. Hometown Bank, N.A.,* 276 F.R.D. 196, 201 (S.D. Tex. 2011)

Further, the Fifth Circuit recognizes "an exception to the general principle of mootness in instances where some issues of a case have become moot but the case as a whole remains alive because other issues have not become moot." *La. Env't Action Network v. EPA*, 382 F.3d 575, 581 (5th Cir. 2004). The Court assesses mootness by claim, not by case. *Masters v. Wells Fargo Bank S. Cent., N.A.,* No. A-12-CA-376-SS, 2013 WL 3713492, at *4 (W.D. Tex. July 11, 2013). So when a plaintiff requests several forms of relief and one of these requests becomes moot, the court still considers the remaining requests. *Woodruff v. Caris MPI, Inc.,* No. 21-11249, 2022 WL 4534987, at *2 (5th Cir. Sept. 28, 2022); *see also University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981) (acknowledging "another instance in which one issue in a case has become moot, but the case as a whole remains alive because other issues have not become moot."); *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th Cir. 2020) (citation omitted) ("[R]esolution of a particular issue may be moot even if other issues on appeal remain ripe.")

### III. ANALYSIS

#### A. An unaccepted Rule 68 offer does not render a case moot.

Defendants argue in their Motion that Noonkester's claims are moot because their first offer of judgment, which Noonkester rejected, provided him "everything he could possibly recover from his lawsuit." ECF No. 73 at 3. Because the case is moot, they say, the Court lacks subject matter jurisdiction and must dismiss the case. *Id.* Noonkester contends that the Court must look to the merits, and that the first offer of judgment did not give him all of the relief that he was seeking. ECF No. 74 at 2-6. Noonkester cites *Campbell-Ewald v. Gomez,* 577 U.S. 153 (2016), to support his claim that the Court does have subject matter jurisdiction and that it should deny the Motion. ECF No. 74 at 7. In their Reply, Defendants argue that *Campbell-Ewald* is a limited holding in a class action case and does not apply here. ECF No. 75 at 1-2.

Defendants are correct that *Campbell-Ewald* was a class action case, but the Court's discussion of Rule 68 was not limited to class actions. *Campbell-Ewald,* 577 U.S. at 160–61. The Court held that under basic principles of contract law, a Rule 68 offer of judgment, once rejected, has no continuing effect. *Id.* at 163; *see also Genesis Healthcare,* 569 U.S. 66, 72 (2013) (Kagan, J., dissenting). "Absent acceptance, a settlement offer remains only a proposal, binding on neither party." *Campbell-Ewald,* 577 U.S. 153 at 163. The Court also noted that Rule 68 hardly supports the argument that an unaccepted settlement offer can moot a complaint. *Id.* "An offer of judgment 'is considered withdrawn' if not accepted within 14 days of its service." *Campbell-Ewald,* 569 U.S. at 163 (citing Rule 68(a)-(b)).

Here, Defendants argue that *Campbell-Ewald* is not controlling because it was a class action case, yet they cite *Masters* to support their argument that the July 2022 offer satisfied the entirety of Noonkester's claims. ECF No. 75 at 1-3; *Masters*, No. A-12-CA-376-SS, 2013 WL

5

3713492, at *4. *Masters* also was a putative class action case from 2013, which relied on Fifth Circuit law and was decided three years before the decision in *Campbell-Ewald*. Thus, Defendants' argument on mootness relies on an outdated class action case. Noonkester did not accept Defendants' first offer in July 2022. ECF No. 73 at 1. As a result, "[b]oth [parties] retained the same stake in the litigation they had at the outset." *Campbell-Ewald,* 577 U.S. at 154. Because the Rule 68 Offer was no longer operative, the parties remained adverse, and Noonkester's claims are not moot. *Woodruff,* No. 21-11249, 2022 WL 4534987, at *2.

### B.     Noonkester has not obtained complete relief because the issue of attorney's fees remains in dispute.

Even if a discussion of the merits were required, Defendants cannot show that Noonkester has received "the entirety of [his] claims" as required. ECF No. 75 at 2; *Mabary,* 276 F.R.D. at 201. The Motion states that the Offer of Judgment "left the issue of attorney fees for the Court to decide." ECF No. 73 at 1. At the time of this Motion, Defendants anticipated that Noonkester would apply for attorney's fees in excess of $100,000, which they would "vigorously oppose." *Id.* Noonkester has since filed a Motion for Atttorney Fees and Costs (ECF No. 77), and Defendants have filed a Response and Appendix in Opposition (ECF Nos. 80, 81). Because Noonkester's claims for attorney's fees still are still in dispute, he has not received the complete relief he sought when filing suit, and Judge O'Connor should not dismiss the case due to mootness.

### IV.    CONCLUSION

The Supreme Court has held that an unaccepted Offer of Judgment under Rule 68 does not per se render a plaintiff's claims moot. The parties here have not settled the issue of Noonkester's attorney's fees, and Noonkester's case therefore is not moot. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion (ECF No. 73).

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 27, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE