IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOEL NOONKESTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00223-O |
| | § | |
| CAPITAL MANAGEMENT | § | |
| HOLDINGS, LLC, *et al.*, | § | (Consolidated with Civil Action No. |
| | § | 4:21-cv-00700-O) |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for an Order Requiring Capital Management Holdings, LLC ("CMH") to Show Cause Why It Should Not be Held in Contempt for Failing to Comply with the Court's Order of April 28, 2022 ("the Contempt Motion") filed by Plaintiff Joel Noonkester ("Noonkester"); CMH's Response; and Noonkester's Reply. ECF Nos. 61-63, respectively, in Civil Action No. 4:21-cv-00700-O ("the Consolidated Case"). All references to ECF numbers are in the Consolidated Case unless otherwise noted. Also pending are CMH's Motion *Nunc Pro Tunc* to redact and for leave to file under seal (ECF No. 72), Noonkester's Response in Opposition (ECF No. 74), and CMH's Reply and Response (ECF Nos. 77, 78). United States District Judge Reed O'Connor referred the Contempt Motion and related briefing to the undersigned on May 31, 2022, and he referred the Motion *Nunc Pro Tunc* and related briefing on August 2, 2022. ECF Nos. 64, 75.

**I.   BACKGROUND**

The Court held a hearing on the motions on July 28, 2022. ECF No. 69. The Court recessed the hearing and ordered that it resume on August 8, 2024. ECF No. 79. The Court granted CMC's

Motion *Nunc Pro Tunc* in part and ordered CMC to file under seal the Excel spreadsheet of consumer loans at issue in Noonkester's Contempt Motion by August 12, 2022. ECF No. 79. The Court also directed CMC to include a verification or affidavit of its supplemental responses to Noonkester's Interrogatories 5 and 8. *Id.* On August 11, 2022, CMC tendered a thumb drive containing an Excel spreadsheet without redactions in response to the Court's Order. ECF No. 80. On August 18, 2024, the Court canceled the setting on the continuation of the hearing and indicated that it would decide the Motion on submission. ECF No. 82.

On September 7, 2022, CMC filed a Suggestion of Bankruptcy. ECF No. 83. On September 9, 2022, the Court entered an Order staying the case until the parties notified the Court that the automatic stay had been lifted. ECF No. 48 in the instant case. Plaintiff moved to lift the automatic stay on March 21, 2023, Defendant Elite Debt Brokers, LLC, filed its response on March 22, and the Court granted the motion on April 6. ECF Nos. 49-50 in the instant case.

After considering the pleadings, arguments of counsel at the hearing on July 28, 2022, and applicable legal authorities, the undersigned **GRANTS** CMH's Motion *Nunc Pro Tunc* to redact and for leave to file under seal (ECF No. 72 in the Consolidated Case), **CERTIFIES** facts showing why CMC's conduct does not constitute civil contempt, and **RECOMMENDS** that Judge O'Conner **DENY** the Contempt Motion.

**II.    LEGAL STANDARD**

Judge O'Connor referred the Contempt Motion to the undersigned pursuant to 28 U.S.C. § 636(b). In a case under 28 U.S.C. §§ 636(a) or (b), where an act of contempt constitutes civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be

>  adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

Three elements must be established before a party can be held in civil contempt: "(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted). However, "[t]he respondent may avoid a contempt finding by establishing that is has substantially complied with the order or has made reasonable efforts to comply." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *U.S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979)).

**III.   ORGER GRANTING MOTION *NUNC PRO TUNC***

By Order dated August 10, 2022, the Court granted CMC's Motion *Nunc Pro Tunc* in part and ordered it to submit the unredacted Excel spreadsheet at issue in the Motion to the Court for in camera review by August 12, 2022. ECF No. 79 in the Consolidated Case. The Court carried along for later determination CMC's request to redact portions of the spreadsheet that did not concern Noonkester. *Id.* Finally, the Court directed CMC to provide verifications of its supplemental responses to Noonkester's Interrogatory Nos. 5 and 8. *Id.* CMC timely filed the

3

unredacted spreadsheet but did not file an affidavit or verification of its supplemental interrogatory responses. ECF No. 80 in the Consolidated Case.

The unredacted spreadsheet that CMC filed under seal reflects the names and personal information for thousands of persons other than Noonkester with alleged consumer debts. Under Federal Rule of Civil Procedure 26, none of the information contained in the spreadsheet other than the line concerning Noonkester's account and the column headings that identify the information listed for him are relevant to any issue in this case. There is no indication that the information in Noonkester's listing is materially different from that contained in any other person's listing. Accordingly, the Court grants CMC's request to redact the information in the spreadsheet that does not concern Noonkester. CMC may redact all information in the spreadsheet other than the line that pertains to Noonkester and the column headings on the spreadsheet that explain the information shown for Noonkester.

## IV. CERTIFICATION OF FACTS CONCERNING CMC'S COMPLIANCE WITH THE COURT'S ORDER

"A party may be held in contempt if [it] violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield*, 832 F.2d at 913. "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

Noonkester has not shown by clear and convincing evidence that CMC clearly violated the Court's orders. At the hearing on the Contempt Motion held on July 28, 2022, the issues remaining for decision centered on the Excel spreadsheet at issue in Noonkester's Request for Production No. 6 and his Interrogatory Nos. 5 and 8. CMC's counsel maintained that CMC had produced all discovery that Judge O'Connor previously ordered to be produced, and Noonkester's counsel

disagreed. The undersigned ordered CMC to submit the unredacted spreadsheet to the Court for in camera review as noted above, which CMC did. The undersigned concludes that the personal contact and other information for many thousands of persons in addition to Noonkester is not relevant to any issue in this case. To protect the privacy and personal contact information of those other persons, CMC should be permitted to redact that information before producing that part of the spreadsheet concerning Noonkester to him.

As for CMC's answers to Interrogatory Nos. 5 and 8, the Court concludes that CMC has fully answered those interrogatories without objections as Judge O'Connor ordered. Although CMC did not provide an affidavit or verification swearing to its supplementation of the interrogatories, its counsel signed the supplementation and filed it. *See* ECF No. 78 in the Consolidated Case. He represented to the Court that CMC's answers and supplemental responses followed a good faith search for information responsive to the interrogatories. Given its counsel's admissions regarding CMC's efforts to comply with Judge O'Connor's previous order, both during the July 28, 2022 telephonic hearing and in its supplemental interrogatory responses, CMC has made a diligent search for the requested information and is bound by the discovery responses that it has made.

Although CMC's arguments presented at the July 28, 2022 hearing and in its supplemental responses to Interrogatory Nos. 5 and 8 confirm that some of its answers and responses were not wholly complete, the Court is persuaded that CMC made a reasonable effort to make full and complete answers to Noonkester's discovery requests as Judge O'Connor had ordered and as the Federal Rules of Civil Procedure require. Taking into consideration the pleadings, evidence, and arguments of counsel, the undersigned finds that CMC made reasonable efforts to comply with the

Court's previous orders and has not clearly violated those orders. Accordingly, it is not appropriate to certify CMC in civil contempt of court for violating the Court's Order of April 28, 2022.

## IV. Conclusion

For the reasons stated above, the undersigned **GRANTS** CMH's Motion *Nunc Pro Tunc* (ECF No. 72 in the Consolidated Case). The undersigned also certifies facts showing that CMC's conduct does not constitute civil contempt and **RECOMENDS** that Judge O'Conner **DENY** Noonkester's Contempt Motion (ECF No. 61) and not hold CMC in civil contempt.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** September 6, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

6